UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

TRACY L. DUNAWAY, SR.,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 3:19-cv-299

District Judge Walter H. Rice
Magistrate Judge Michael J. Newman

---

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING AT ISSUE BE FOUND UNSUPPORTED BY SUBSTANTIAL EVIDENCE, AND REVERSED; (2) THIS MATTER BE REMANDED TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR FURTHER PROCEEDINGS; AND (3) THIS CASE BE CLOSED**

---

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB") and/or Supplemental Security Income ("SSI").[2] This case is before the Court on Plaintiff's Statement of Errors (doc. 10), the Commissioner's memorandum in opposition (doc. 13), Plaintiff's reply (doc. 14), the administrative record (doc. 6),[3] and the record as a whole.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] "The Commissioner's regulations governing the evaluation of disability for DIB and SSI are identical . . . and are found at 20 C.F.R. § 404.1520, and 20 C.F.R. § 416.920 respectively." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Citations in this decision to DIB regulations are made with full knowledge of the corresponding SSI regulations, and *vice versa*.

[3] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

I.

A.     **Procedural History**

Plaintiff filed for DIB and SSI alleging a disability onset date of June 27, 2015.[4]  PageID 59.  Plaintiff claims disability as a result of a number of alleged impairments including, *inter alia*, degenerative disc disease, bilateral hearing loss, bilateral carpal tunnel syndrome, degenerative joint disease, borderline intellectual functioning, a depressive disorder, an anxiety disorder, and attention deficit hyperactivity disorder.  PageID 63.

After a denial of his application upon reconsideration, Plaintiff received a hearing before ALJ Deborah Sanders on January 3, 2018.  PageID 81-123.  The ALJ issued a written decision on September 11, 2018 finding Plaintiff not disabled.  PageID 59-73.  Specifically, the ALJ found at Step Five that, based upon Plaintiff's residual functional capacity ("RFC") to perform a reduced range of light work,[5] "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform[.]"  PageID 66-73.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner.  PageID 45-47; *see Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993).  Plaintiff then filed this timely appeal.  *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

---

[4] Plaintiff previously filed an application for DIB and SSI alleging a disability onset date of May 7, 2007. PageID 60.  On June 26, 2015, ALJ Beverly Parkhurst issued a written decision finding Plaintiff not disabled. PageID 128-38.  Thereafter, the Appeals Council denied Plaintiff's request for review. PageID 60.  Plaintiff then subsequently filed the present application for DIB and SSI alleging a new disability onset date, *i.e.*, June 27, 2015.  PageID 59.

[5] Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or…sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b).  An individual who can perform light work is also presumed capable of performing sedentary work.  *Id.*  Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." 20 C.F.R. § 404.1567(a).

**B.     Evidence of Record**

The evidence of record is adequately summarized in the ALJ's decision (PageID 59-73), Plaintiff's Statement of Errors (PageID 1371-87), the Commissioner's memorandum in opposition (PageID 1392-410), and Plaintiff's reply (PageID 1411-13). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

## II.

**A.     Standard of Review**

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742, 745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

3

    **B.**    **"Disability" Defined**

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?;

2. Does the claimant suffer from one or more severe impairments?;

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?;

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?; and

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

In his Statement of Errors, Plaintiff argues that the ALJ erred in: (1) evaluating the medical source opinions of record (particularly, medical records by his treating psychologist Keli Yee,

4

Psy.D. and treating physician Barbara Bennett, D.O.); (2) evaluating the medical evidence of record; and (3) determining his RFC.  PageID 1371-85.  Finding error in the ALJ's weighing of Dr. Yee's opinion, the Court does not address Plaintiff's other alleged errors and, instead, directs that those issues be addressed by the ALJ on remand.

Until March 27, 2017, "the Commissioner's regulations [that apply to this appeal] establish[ed] a hierarchy of acceptable medical source opinions[.]"  *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013).  In descending order, these medical source opinions are: (1) treaters; (2) examiners; and (3) record reviewers.  *Id*.  Under the regulations then in effect, the opinions of treaters are entitled to the greatest deference because they "are likely to be . . . most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 404.1527(c)(2).

A treater's opinion must be given "controlling weight" if "well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the] case record."  *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 384 (6th Cir. 2013).  Even if a treater's opinion is not entitled to controlling weight, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician."  *Blakley v. Comm'r of Soc. Sec.*, 581

5

F.3d 399, 406 (6th Cir. 2009); *see also* 20 C.F.R. § 404.1527(c).[6]

After treaters, "[n]ext in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once." *Snell*, 2013 WL 372032, at *9.

Record reviewers are afforded the least deference and these "non-examining physicians' opinions are on the lowest rung of the hierarchy of medical source opinions." *Id*. Put simply, "[t]he regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual [claimant] become weaker." *Id*. (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)). In the absence of a controlling treating source opinion, an ALJ must "evaluate all medical opinions" with regard to the factors set forth in 20 C.F.R. § 404.1527(c), *i.e.,* length of treatment history; consistency of the opinion with other evidence; supportability; and specialty or expertise in the medical field related to the individual's impairment(s). *Walton v. Comm'r of Soc. Sec.*, No. 97-2030, 1999 WL 506979, at *2 (6th Cir. June 7, 1999).

Here, Dr. Yee opined, on April 3, 2017, that Plaintiff has several "extreme" limitations in his ability to, *inter alia*, sequence multi-step activities; work closely to, or with, others without interrupting or distracting them; sustain an ordinary routine and regular attendance at work; work a full day without needing more than the allotted number or length of rest periods; and manage his psychological symptoms. PageID 961. Dr. Yee also opined that Plaintiff has a number of "marked"[7] limitations in his ability to, *inter alia*, understand and learn terms, instructions, and

---

[6] In essence, "opinions of a treating source . . . must be analyzed under a two-step process, with care being taken not to conflate the steps." *Cadle v. Comm'r of Soc. Sec.*, No. 5:12-cv-3071, 2013 WL 5173127, at *5 (N.D. Ohio Sept. 12, 2013). Initially, "the opinion must be examined to determine if it is entitled to controlling weight" and "[o]nly if . . . the ALJ does not give controlling weight to the treating physician's opinion is the opinion subjected to another analysis based on the particulars of" 20 C.F.R. § 404.1527. *Id*.

[7] Whereas "mild" and "moderate" functional limitations are generally considered "non-disabling," *see Sims v. Comm'r of Soc. Sec.*, 406 F. App'x 977, 980 (6th Cir. 2011), "marked" limitations are suggestive of disability. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(C); *Lankford v. Sullivan*, 942 F.2d 301, 307 (6th Cir. 1991).

procedures; identify and solve problems; use reason and judgment to make work-related decisions; complete tasks in a timely manner; ignore or avoid distractions while working; change activities or work settings without being disruptive; and adapt to changes. *Id.* As a result of his mental health impairments, Dr. Yee concluded that Plaintiff would be off-task 20% or more during an average workweek and absent more than three times a month or more. PageID 960. Despite Dr. Yee's lengthy treatment relationship with Plaintiff, the ALJ declined to give her opinion controlling weight, and instead, afforded her opinion "little weight." PageID 69. The undersigned finds that, in reaching such conclusion, the ALJ erred.

Initially, the undersigned finds that in declining to afford Dr. Yee's opinion controlling weight, the ALJ failed to follow the treating physician rule. Specifically, the ALJ declined to give Dr. Yee's opinion controlling weight "because it [was] inconsistent with other substantial evidence in the [record]." PageID 69. While consistency with substantial evidence in the record is one of the controlling weight factors, the ALJ does not appear to evaluate the other controlling weight factor, *i.e.,* whether Dr. Yee's opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques.…" *LaRiccia*, 549 F. App'x at 384; *see also* 20 C.F.R. § 404.1527(c)(2) (stating that "[i]f we find that a treating source's medical opinion ... is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight"). Such a failure is reversible error because it "deprives the Court of the opportunity to meaningfully review … the 'two-step inquiry' required when analyzing treating source opinions." *Marks v. Colvin*, 201 F. Supp. 3d 870, 882 (S.D. Ohio 2016). *See also* note 6 *supra; Hatton v. Comm'r of Soc. Sec.*, No. 3:18-CV-008, 2018 WL 4766963, at *4 (S.D. Ohio Oct. 3, 2018), *report and recommendation adopted*, No. 3:18-CV-008, 2018 WL 5084758 (S.D. Ohio Oct. 18, 2018);

*Reese v. Comm'r of Soc. Sec.,* No. 3:17-CV-283, 2018 WL 2381896, at *3 (S.D. Ohio May 25, 2018). Reversal is warranted on this basis alone.

The undersigned further notes that although the ALJ analyzes the consistency factor of the treating physician rule, her analysis of the same is unsupported by substantial evidence. Notably, the only inconsistencies the ALJ appears to find between Dr. Yee's opinion and the voluminous administrative record are Plaintiff's ability to: (1) recall three past presidents; and (2) provide adequate interpretations of proverbs. PageID 60. It is unclear how such evidence tends to discredit Dr. Yee's opinion with regard to Plaintiff's numerous limitations as a result of his mental health impairments. *See Foster v. Comm'r of Soc. Sec.*, 382 F. Supp. 3d 709, 717 (S.D. Ohio 2019) (citing *Barnhorst v. Comm'r of Soc. Sec.,* No. 1:10-CV-526, 2011 WL 3811462, at *18 (S.D. Ohio Aug. 5, 2011) (An ALJ must "build an accurate and logical bridge between the evidence and the result"). The ALJ's focus on such isolated (and seemingly irrelevant) portions of the record are an insufficient basis for rejecting Dr. Yee's opinion. *See Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 378 (6th Cir. 2013) ("[T]he ALJ's focus on isolated pieces of the record is an insufficient basis for giving [the treating physician's opinion] little weight under 20 C.F.R. §404.1527(c)").

Assuming, *arguendo*, that Dr. Yee's opinion was not entitled to controlling weight, the reasons given by the ALJ in affording her opinion "little weight" are unsupported by substantial evidence. The ALJ first rejects Dr. Yee's opinion because it includes a statement on an issue reserved to the Commissioner. Page 69. The ALJ correctly notes that the issue of disability is reserved for the Commissioner, which is certainly true in every Social Security disability case. *See* 20 C.F.R. § 404.1527(d)(3); *see also Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir.2004) (stating that "[t]he determination of disability is ultimately the prerogative of the Commissioner, not the treating physician"). "Acknowledging such reservation says nothing specific or legitimate about why the ALJ in this particular case rejected [the] particular opinion[]

8

by [this] particular treating [psychologist]." *Herrera v. Colvin*, No. ED CV 14-1340-E, 2015 WL 12697712, at *3 (C.D. Cal. Apr. 20, 2015). Regardless of whether an issue is reserved to the Commissioner, "there remains a presumption … that the opinion of a treating physician is entitled to great deference." *Evans v. Comm'r of Soc. Sec.*, 142 F. Supp. 3d 566, 574 (S.D. Ohio 2015) (citing *Hensley v. Astrue,* 573 F.3d 263, 266 (6th Cir. 2009)); *see also* SSR 96-5p ("[A]djudicators must always carefully consider medical source opinions about any issue, including opinions about issues that are reserved to the Commissioner").

Next, the ALJ discredits Dr. Yee's opinion because it was supposedly "given as part of an evaluation before treatment started." PageID 69. A thorough review of the record indicates that while Dr. Yee performed such a pre-treatment evaluation in 2015, her treating source opinion was given nearly two years after she began treating Plaintiff, *i.e.*, on April 3, 2017. *See* PageID 588-96, 942-49, 960-62. The ALJ's criticism of Dr. Yee's opinion in this regard causes the undersigned to question whether the ALJ even evaluated her opinion or if the ALJ's rejection of Dr. Yee's opinion is based exclusively on her pre-treatment evaluation of Plaintiff's mental health impairments. *See Blakley*, 581 F.3d at 409 (finding "[T]he ALJ's failure to follow the Agency's procedural rule [is reversible error] where [the Court] cannot engage in 'meaningful review' of the ALJ's decision"). Significantly, with regard to Plaintiff's mental health limitations, the ALJ states that she defers to ALJ Parkhurst's 2015 decision. PageID 60. Such deference appears to confirm that the ALJ failed to properly evaluate Dr. Yee's 2017 opinion, which was given two years after ALJ Parkhurst's decision. *Metz v. Comm'r of Soc. Sec.*, No. 3:11-CV-391, 2012 WL 3776435, at *11 (S.D. Ohio Aug. 30, 2012) (finding the "ALJ's inexplicable failure to provide any analysis of [Plaintiff's impairments] precludes this Court from finding that her decision was supported by substantial evidence").

9

Finally, the ALJ rejects Dr. Yee's opinion as "inconsistent with the record as whole." PageID 69. In so finding, the ALJ cites to only one example (*i.e.*, Plaintiff could recall three objects after a 13-minute delay) to discredit Dr. Yee's opinion. *Id*. Again, the "ALJ's focus on [such] isolated pieces of the record is an insufficient basis for giving [the treating physician's opinion] little weight…" *Gayheart*, 710 F.3d at 378.

In light of all the foregoing, the undersigned finds the ALJ's non-disability finding unsupported by substantial evidence and meriting reversal.

**IV.**

When, as here, the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to reverse and remand the matter for rehearing or to reverse and order an award of benefits. The Court has authority to affirm, modify or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991). Generally, benefits may be awarded immediately "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 782 (6th Cir. 1987). In this instance, evidence of disability is not overwhelming, and a remand for further proceedings is necessary.

**V.**

**IT IS THEREFORE RECOMMENDED THAT:** (1) the Commissioner's non-disability finding be found unsupported by substantial evidence and **REVERSED**; (2) this matter be

10

**REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for further proceedings; and (3) this case be **CLOSED**.

Date:  May 13, 2020                                         /s/Michael J. Newman
                                                            Michael J. Newman
                                                            United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system.  If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).  Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system.  If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).